1  Timothy A. La Sota, SBN 020539
2  **TIMOTHY A. LA SOTA, PLC**
   2198 East Camelback Road, Suite 305
3  Phoenix, Arizona 85016
4  Telephone: (602) 515-2649
   Email: tim@timlasota.com
5  *Attorney for Defendant Robert Shaw Graham*

6
## IN THE UNITED STATES DISTRICT COURT
7
## FOR THE DISTRICT OF ARIZONA

8  | CAPITAL INVESTMENT GROUP, INC., | Case No. CV-21-00517-PHX-DLR |
   |---|---|
   | Plaintiff, | |
   | vs. | **DEFENDANT'S ANSWER** |
   | ROBERT SHAW GRAHAM, | |
   | Defendant. | (assigned to the Honorable Douglas L. Rayes) |

15    Pursuant to Federal Rule of Civil Procedure 8(b), for his Answer to Plaintiffs' Complaint, Defendant ROBERT SHAW GRAHAM ("Defendant") responds as follows.

1. Answering Paragraph 1, Defendant is without information sufficient to ascertain the truth or falsity and therefor denies same.

2. Defendant admits Paragraph 2.

3. Answering Paragraph 3, Defendant is without information sufficient to ascertain the truth or falsity and therefor denies same.

4. Answering Paragraph 4, Defendant admits that he is a resident of Maricopa County, Arizona. The remaining allegations of this paragraph state a legal conclusion to which no response is required, or alternatively, Defendant is without information sufficient to ascertain the truth or falsity and therefor denies same.

1

5. Answering Paragraph 5, this paragraph state a legal conclusion to which no response is required, or alternatively, Defendant is without information sufficient to ascertain the truth or falsity and therefor denies same.

6. Answering Paragraph 6, Defendant admits that he signed an independent contractor agreement with CIG on November 29, 2010. Defendant further admits that by signing he agreed to "comply with all policies and rules" of CIG and would disclose his representations of CIG in soliciting orders, and that all "orders for securities will be placed through CIG and its correspondent broker," and "conduct their business in full and complete conformity with such laws, rules and regulations[.]" Defendant further alleges that he was fully compliant to all rules and necessary disclosures and conducted their business in full and complete conformity with such laws, rules and regulations.

7. Answering Paragraph 7, Defendant admits that he agreed to "indemnify and pay to CIG all reasonable Attorney fees and costs, or court or arbitration fees and cost incurred by CIG in the defense thereof as well as any damages or other costs which may be sustained by CIG as a result of litigation or arbitration award or by settlement" if he did not comply with all guidelines and rules stated above. Defendant further alleges that he fulfilled all covenants within the Independent Contractor Agreement.

8. Answering Paragraph 8, the Defendant is without information sufficient to ascertain the truth or falsity and therefor denies same.

9. Answering Paragraph 9, Defendant denies any improper solicitations or advisement of any person or entity related to Defendant's independent contractor agreement with CIG or any "defiance" of supervision provided by CIG, and denies any wrongdoing with regard to his relationship with CIG. Defendant is without information sufficient to ascertain the truth or falsity of the remaining allegations of this paragraph and therefor denies same.

10. Answering Paragraph 10, Defendant denies any illegal actions involving Defendant's independent contractor agreement with CIG or any "defiance" of supervision provided by CIG,

and denies any wrongdoing with regard to his relationship with CIG. Defendant is without information sufficient to ascertain the truth or falsity of the remaining allegations of this paragraph and therefor denies same.

11. Answering Paragraph 11, Defendant denies any improper solicitations or advisement of any person or entity related to Defendant's independent contractor agreement with CIG or any "defiance" of supervision provided by CIG, and denies any wrongdoing with regard to his relationship with CIG. Defendant is without information sufficient to ascertain the truth or falsity of the remaining allegations of this paragraph and therefor denies same.

**WHERERFORE**, Defendant having fully answered all allegations, Defendant prays for judgment as follows:

1. That judgment be entered in favor of Defendant and against Plaintiff on all claims.
2. That this matter be dismissed with prejudice, and Plaintiff take nothing hereby.
3. That Defendant be awarded costs and attorney's fees.
4. For such other relief as the Court may deem appropriate.

## AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses as to Defendant:

1. Estoppel.
2. Failure of consideration.
3. Contributory negligence.
4. Laches.
5. Release.
6. Statute of limitations.
7. Waiver.
8. Any otherwise valid claims against Defendant have been waived and/or forfeited by the Plaintiff failing to apprise the Defendant of any of the legal actions instituted against Plaintiff

1 and described above and failing to provide the Defendant any opportunity to provide a defense,
2 in violation of the Plaintiff's legal obligations to Defendant.
3 9.  This matter is subject to mandatory, binding arbitration.

6 RESPECTFULLY SUBMITTED this 7th day of July, 2021.

**TIMOTHY A. LA SOTA, PLC**

By: /s/ Timothy A. La Sota
TIMOTHY A. LA SOTA
2198 E. CAMELBACK RD., SUITE 305
PHOENIX, ARIZONA 85016
**A*****ttorney for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for flinging and transmittal of a Notice of Electronic Filing. A paper courtesy copy to the judge is not required under the policies of the Court.

COPY of the foregoing
mailed this 7th day of July, 2021 to:

J. Anthony Penry
2245 Gateway Access Point
Suite 203
Raleigh, NC 27607

/s/ Timothy A. La Sota